UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY E. TYREE,

        Plaintiff,

        v.                                        Case No. 25-cv-488-bhl

TODD W. ZWIRSCHITZ, et al.,

        Defendants.

---

## SCREENING ORDER

---

On April 2, 2025, Plaintiff Timothy E. Tyree, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint alleging that his civil rights were violated and a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1 & 2. On April 21, 2024, Tyree paid the $405.00 civil case filing fee in full, rending moot his motion for leave to proceed without prepayment of the filing fee. The Court will therefore deny that motion and proceed to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim

under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Tyree is an inmate at the Oshkosh Correctional Institution. Dkt. No. 1. Defendants are Food Services Administrator Todd Zwirschitz and Food Services Supervisor Amy Jacobson. *Id*. at 2-3. On November 9, 2023, during lunch, Tyree took a bite of food that contained a sharp, metal staple. *Id*. at 3. The staple got stuck in Tyree's gums and caused a lot of pain. *Id*. Tyree told Sgt. Baker (not a defendant) and Lt. Skinner (not a defendant) about what happened and they saved the

2

staple in an evidence bag. *Id*. at 3-4. Tyree was then sent to the Health Services Unit, where he got treatment. *Id*. For relief, Tyree seeks monetary damages. *Id*. at 5.

THE COURT'S ANALYSIS

Tyree invokes 42 U.S.C. §1983 and claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. To state a claim under Section 1983, "a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). There is no supervisory liability under §1983. *Burks*, 555 F.3d at 593-94.

To trigger a claim under the Eighth Amendment, Tyree must allege that defendants knew of but consciously disregarded a substantial risk of severe harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Tyree's complaint plausibly alleges only part of the requirements to state an Eighth Amendment claim. His allegation that he bit into a staple lodged in his food suffices to show that he faced a substantial risk of severe harm. But he does not allege that either Food Services Administrator Zwirschitz or Food Services Supervisor Jacobson knew of or consciously disregarded that risk of harm to him. More

3

specifically, the complaint does not allege that either defendant was personally involved in putting the staple in his food. Tyree alleges that should be held responsible under the Eighth Amendment because they are supervisors in the food services department and should have prevented the incident. This is not a basis to hold them liable for a constitutional violation because, as explained above, there is no supervisory liability under §1983. *Burks*, 555 F.3d at 593-94. Unless Food Services Administrator Zwirschitz or Food Services Supervisor Jacobson were aware of the foreign object in Tyree's food and then took no action to address the risk of harm to Tyree, his allegations amount to nothing more than state law negligence. And negligence alone does not violate the constitution. *See Archie v. City of Racine*, 847 F.2d 1211, 1220 (7th Cir. 1988); *see also Figgs v. Dawson,* 829 F.3d 895, 903 (7th Cir. 2016). Therefore, Tyree fails to state a claim upon which relief can be granted and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Tyree an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Tyree to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Tyree is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended

4

pleading." *Id.* at 1057 (citation omitted). If Tyree files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Tyree does not file an amended complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Tyree's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Tyree may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Tyree files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Tyree does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Tyree a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Tyree is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge